**Paul A. RICCIARDI, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 15031.**

United States District Court
W. D. Pennsylvania.

June 12, 1957.

Wm. C. O'Toole (of James P. McArdle) Pittsburgh, Pa., for plaintiff.

W. Wendell Stanton, Asst. U. S. Atty., and D. Malcolm Anderson, U. S. Atty., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a suit for damages arising out of a collision between a motor vehicle

of the United States and a motor vehicle operated by the plaintiff.

The proceedings are brought against the United States of America pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C.A. § 2671 et seq.

The court finds that the United States of America through its agent, John Tomlinson, who was engaged in the furtherance of the business of the government, was guilty of negligence which was the proximate cause of the accident and that the plaintiff, Paul A. Ricciardi, was free of contributory negligence.

The case was tried without a jury and the following Findings of Fact, Conclusions of Law and Order are herewith entered.

### Findings of Fact

1. Plaintiff is a resident and citizen of the Borough of Ambridge, Beaver County, Pennsylvania, and of the United States of America.

2. The defendant, United States of America, on July 19, 1956, and for many years prior thereto, owned and operated a fleet of automobiles which was used in connection with the business of the United States of America, by its agents, servants and employees.

3. On or about July 19, 1956, at approximately 7:15 A.M., the plaintiff was driving his 1955 Oldsmobile sedan, in a generally northerly direction on the Ohio River Boulevard, otherwise known as Route No. 88, in the Borough of Sewickley, Allegheny County, Pennsylvania, and had come to a stop in a line of traffic in response to a red traffic control signal, when suddenly and without warning he was run into and collided with from the rear by a government owned vehicle or automobile, driven at the time by one John Tomlinson, a Lieutenant in the United States Air Force, on and about the business of the United States of America, as the agent, servant and employee of the United States of America and under its direct control and supervision, causing the plaintiff to be buffetted violently about the interior of his said automobile and inflicting upon his person discomforting and painful injuries which are not of a permanent nature.

4. That the duly constituted agent, servant and employee of the government, while in the furtherance of his business interests, operated the government vehicle on the Ohio River Boulevard at a rate of speed that was greater than proper under all the circumstances and ran into the rear of the vehicle of the plaintiff while it was stopped for a red light.

5. That the operator of the government vehicle was negligent in that he failed to operate his vehicle at such a rate of speed that he could bring it to a stop within the sure clear distance ahead, and no circumstances exist which relieve or exonerate him from this responsibility.

6. As a result of the accident, the plaintiff suffered injuries to the area and region of his neck, which had also been injured in an accident in which the plaintiff had been previously involved on June 19, 1956. The plaintiff in this proceeding suffered additional injury to the cervical spine, the mid dorsal and lower lumbar spine, and as a result thereof it was necessary for the plaintiff to remain from his work for the period from July 19, 1956, to October 21, 1956.

7. The plaintiff experienced considerable discomfort, pain, suffering and inconvenience during the whole of said period of time that he was away from his work, and which continued in one degree or the other to the time of trial, and in the opinion of the medical witnesses although some discomfort will be experienced in the future, the plaintiff has fully recovered from any injuries sustained in the accident of July 19, 1956.

8. Although the plaintiff was away from his work for a period of approximately three months, the Common-

wealth of Pennsylvania during this period paid his wages and I believe it improper to require the government to pay his wage loss in the amount of $900 for the reason that through the actions of the Commonwealth of Pennsylvania, the plaintiff suffered no wage loss as a result of the accident.

9. The plaintiff sustained the following special damages as a proximate result of the accident:

| | |
|---|---|
| Amon Motor Co., Inc., repair bill | $ 90.00 |
| Dr. A. H. Green, Jr., services | 325.00 |
| Dr. E. Reese Owens, services | 60.00 |
| Ortho X-Ray Laboratory | 50.00 |
| Sewickley Valley Hospital | 140.00 |
| Ambridge Pharmacy | 41.84 |
| John F. Peters, Orthopedic appliances | 18.00 |
| Dr. Harry A. Butchers | 6.00 |
| Total | $730.84 |

10. I believe that for the pain, suffering and inconvenience which, in the opinion of medical attendants, was constant over a long period of time and gradually being reduced to the extent that at the present time his experience in this respect is somewhat limited, a fair and reasonable award for pain, suffering and inconvenience, past, present and future, would be $2,500.

## Conclusions of Law

1. Jurisdiction is conferred upon this court under the provisions of 28 U.S.C.A. § 1346(b).

2. The United States of America, defendant, is guilty of negligence which was the proximate cause of the accident.

3. Paul A. Ricciardi, plaintiff, is free of contributory negligence.

4. Plaintiff suffered no permanent injuries or disability which was the proximate result of the accident.

5. Under all the law and the evidence, judgment should be entered in behalf of plaintiff, Paul A. Ricciardi, in the amount of $2,500 plus expenses incurred in the amount of $730.84, or a total of $3,230.84.

An appropriate Order is entered.